UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES BRIGGS, | : |
| | : |
| PLAINTIFF, | : |
| Individually and on behalf of all | : |
| other persons similarly situated | : |
| | : CIVIL ACTION NO. 3:12cv324(VLB) |
| | : |
| v. | : MAY 13, 2013 |
| | : |
| RODERICK BREMBY, in his official capacity | : |
| as Commissioner of the State of | : |
| Connecticut Department of Social Services, | : |
| DEFENDANT. | : |

## ORDER CERTIFYING CLASS

The Plaintiff, James Briggs, individually and on behalf of all other persons similarly situated brings this action against Roderick Bremby, in his official capacity as the Commissioner of the Department of Social Services, for failing to provide timely benefits in violation of the Food and Nutrition Act of 2008, formerly known as the Food Stamp Act, 7 U.S.C. §2020 ("FSA").  This Court certifies a class consisting of: "All persons in Connecticut who have applied, who are currently applying or who will apply in the future and whose application was not timely processed for food stamps as required by 7 U.S.C. §2020(e)(3) and (e)(9); 7 C.F.R. §273.2."

### Background

Plaintiffs are indigent individuals seeking benefits from the Supplemental Nutrition Assistance Program ("SNAP") commonly known as food stamps from the Connecticut Department of Social Services ("DSS").  [Dkt. #1, Compl., ¶1].

1

Plaintiffs allege that DSS has failed to ensure the processing of food stamp applications in a timely manner on a state wide basis. *Id.* at ¶2. Federal government provides complete funding to the states for all benefits under the Food Stamp Program and at least 50% of the states' administrative costs involved in the operation of the program. *Id.* at ¶20. Each state must designate a single state agency responsible for administering the Food Stamp Program and complying with federal food stamp statutory and regulatory requirements. *Id.* at ¶21. DSS is the single state agency in Connecticut responsible for administering the Food Stamp Program. *Id.* at ¶22.

The FSA and implementing regulations of the Food and Nutrition Service ("FNS") of the U.S. Department of Agriculture require DSS to process food stamp applications on a timely basis. DSS must provide food stamps to eligible applicants no later than 30 calendar days after date of application. *Id.* at ¶24 (citing 7 U.S.C. §2020(3)(3); 7 C.F.R. §§273.2(a), (g)(1)).

Expedited issuance of food stamps is available to households in immediate need: (1) those with very low gross income and liquid resources (less than $150 per month and no more than $100, respectively); (b) those with combined gross income and liquid resources that are less than the monthly household rent or mortgage, and utilities; and (c) those constituting destitute migrant or seasonal farmworker households. *Id.* at ¶25 (citing 7 U.S.C. §2020(e)(9); 7 C.F.R. §273.2(a)(2), (i)(1)). Expedited food stamps must be provided to eligible households no later than the seventh calendar day following date of application. *Id.* at ¶26 (citing 7 U.S.C. §2020(e)(9)(A); 7 C.F.R. § 273.2 (i)(3)(i)).

**DSS and FNS gave a joint presentation to the Connecticut General Assembly and DSS reported a six-month average of 16,041 food stamp applications per month. DSS has "described the agency's food stamp 'timeliness rate' as follows: 2006 – 81.43%, 2007 – 82.99%, 2008 – 83.01%, 2009 – 79.11%, 2010 – 59.49%." *Id.* at ¶29. DSS submitted a Food Stamp Corrective Action Plan to FNS in May 2008 stating that "CT has an unacceptable rate of timeliness in application processing." *Id.* at ¶30.**

**The named Plaintiff, Mr. Briggs, applied for food stamps on January 20, 2012. *Id.* at ¶31. On February 19, 2012, Briggs received a request for verification from DSS dated February 9, 2012 asking for proof of citizenship which he faxed on February 10, 2012. *Id.* at ¶32. Mr. Briggs received a notice from DSS dated February 22, 2012 stating that his application was delayed since it still needed verification. *Id.* at ¶33. Mr. Briggs unsuccessfully tried to reach DSS at the telephone number listed on the written notice several times. *Id.***

**The named Plaintiff brings this action on behalf of a class defined as follows: "All Connecticut residents who, since March 5, 2009 have applied, are applying, or will apply for food stamps from the Connecticut Department of Social Services." *Id.* at ¶10.**

**Plaintiffs' first claim is for violation of the Food Stamp Act, 7 U.S.C. §2020(e)(3) and 7 C.F.R. §273.2(a)(2), (g)(1) for failing to provide food stamps benefits within 30 days of the date of application pursuant to Section 1983. *Id.* at ¶37.**

3

Plaintiffs' second claim is for violation of the Food Stamp Act, 7 U.S.C. §2020(e)(9)(A) and 7 C.F.R. §273.2(a)(2), (i)(2), (i)(3)(i) for failing to provide food stamps benefits on an expedited basis within 7 days of the date of application pursuant to Section 1983. *Id.* at ¶39.

Plaintiffs seek declaratory and injunctive relief.  Plaintiffs seek a declaratory judgment declaring that the Defendant's policies and practices violated the FSA and the implementing regulations of the FNS.  Plaintiff also seek preliminary and permanent injunctive relief requiring Defendant to process all application for food stamps and issue benefits within the time frames mandated by the FSA and the implementing regulations promulgated by FNS.  On December 4, 2012, the Court granted the Plaintiffs' motion for preliminary injunction and denied Defendant's motion to dismiss.  [Dkt.# 58].

### Legal Standard

"The party seeking to certify a class bears the burden of demonstrating numerosity, commonality, typicality, and adequacy" under Fed. R. Civ. P.23; *see also Caridad v. Metro-North Commuter R.R.,*191 F.3d 283, 291 (2d Cir. 1999).  A "district court may not grant class certification without making a determination that all of the Rule 23 requirements are met." *In re Initial Pub. Offerings Secs. Litig.,* 471 F.3d 24, 40 (2d Cir. 2006).  "To be certified as a class, the class must satisfy the four threshold requirements of 23(a): 'the class must be so numerous that joinder of all members is impracticable ('numerosity');'there must be questions of law or fact common to the class (' commonality'); the claims or defenses of the representative parties are typical of the claims or defenses of the

4

class ('typicality'); and the representative parties will fairly and adequately protect the interests of the class ('adequacy of the representation')." *Ellis v. Gen. Revenue Corp.*, 274 F.R.D. 53, 60 (D. Conn. 2011) (citing Fed. R. Civ. P. 23(a)). Additionally, the class must satisfy one of the requirements of 23(b). Fed. R. Civ. P. 23(a)-(b). Here, the Plaintiffs seek certification under Rule 23(b)(2), which provides that a class may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

### Analysis

Plaintiffs have sought certification of a class consisting of the following members: "All Connecticut residents who, since January 1, 2013, have applied for, are currently applying for, or will apply for food stamps and are eligible therefor." [Dkt. #63]. Defendant argues that the proposed class fails to meet Rule 23(a)'s requirements for commonality and typicality. Defendant contends that the class definition should exclude the following groups (1) eligible applicants who do not experience delay in their eligibility determinations; (2) applicants who are not eligible for food stamp benefits; (3) eligible applicants for food stamp benefits who are not presently seeking benefits. [Dkt. #32, p.5]. Defendant contends that those applicants who experience no delay have not suffered any injury. Defendant further argues that the FSA mandates only apply to eligible applicants and that since the Plaintiffs only seek prospective relief the class should exclude those who applied in the past but are not currently seeking

5

benefits.  *Id.*  Lastly, Defendant argues that the named Plaintiff, Mr. Briggs, is not an appropriate representative for those class members seeking and eligible for expedited food stamps because Mr. Briggs was not eligible for expedited food stamps and therefore did not suffer the same harm as those whose applications for expedited food stamps were not timely processed.

    First, the Court finds that the class definition should not hinge on eligibility as Defendant contends because the statutory scheme requires that DSS determine an individual's eligibility within 30 days and seven days respectively under 7 U.S.C. §2020(e)(3) and (9) regardless of whether that individual is eligible or not.  As Plaintiffs argue, the clear language of the statute requires DSS to timely process applications regardless of whether DSS ultimately determines if a particular applicant is eligible or not for food stamps.  *Id.*  Moreover, it would be illogical to argue that DSS is only required to make timely eligibility determinations for those applicants who are eligible where DSS has no way of knowing prior to reviewing any application whether that applicant is eligible or not.  DSS's obligation under the FSA is to determine eligibility within the statutorily prescribed time frames not to presume eligibility for some group applicants.  The Court therefore finds eligibility to be irrelevant with respect to class definition.   The Court similarly finds it irrelevant to limit the class to exclude past applicants not presently seeking benefits.  Past applicants whose applications were not timely processed have been aggrieved under the FSA and clearly have standing to seek prospective relief under Rule 23(b)(2) to enjoin the

**Defendant's recurring practice of untimely processing of food stamp applications. Fed. R. Civ. P. 23(b)(2).**

**However, the Court does agree that the class definition is overly broad as it includes applicants who experienced no delay in the processing of their food stamp applications and therefore did not suffer any harm. As these applicants would not have standing in their own right to bring an action for violation of the FSA, they are not appropriately included in the class. See In re Beacon Assocs. Litig., No. 09 Civ. 8362(LBS)(AJP), 2012 WL 1372145, at *2 (S.D.N.Y. Mar. 19, 2012) (noting that a class should not be certified where members lack standing to raise the asserted claims). Plaintiffs have agreed with the Court that these members should not be included as they suffered no harm. The Court therefore redefines the class to contain only those members who were or will be harmed by the untimely processing of their food stamp applications.**

**Lastly, the Court finds that Defendant's objection that Mr. Briggs is not an adequate representative with respect to those applicants for expedited food stamps to be without merit. The Defendant contends that the harm suffered by those eligible for expedited food stamps differs because those applicants are entitled to a determination of eligibility within seven days of their initial application instead of thirty days. However, the Defendant's objection is premised on a distinction without a meaningful difference as the harm, the untimely processing of food stamp applications, that the Defendant seeks to redress on behalf of the class is the same regardless of whether the applicant was eligible for expedited food stamps or not. It is immaterial for purposes of**

7

class certification that the time frames for making the eligibility determination differ with respect to expedited food stamp applicants. Here, as will be discussed further below the fact that Mr. Briggs was not eligible for expedited food stamps does not destroy a finding of commonality, typicality or adequacy. In any event, this Court has granted the proposed Plaintiff Intervenor Paula Hollister's motion to intervene as a plaintiff in this action and for appointment as a class representative. Ms. Hollister has alleged that she was entitled to and her application for expedited food stamps was not timely processed. Accordingly, the Defendant's objections as to class certification with respect to expedited food stamps are now moot.

The Plaintiffs have met the commonality and typicality requirements because there are common questions of law and fact as to whether the Defendant is processing applications for food stamps in accord with applicable federal law and regulations. "Courts have found that 'the test for commonality is not demanding' and is met so long as there is at least one issue common to the class." *Raymond v. Rowland*, 220 F.R.D. 173, 179 (D. Conn. 2004) (quoting *Mullen v. Treasure Chest Casino, LLC.*, 186 F.3d 620, 625 (5th Cir. 1999)). "A court may find a common issue of law even though there exists some factual variation among class members' specific grievances." *Dupler v. Costco Wholesale Corp.*, 249 F.R.D. 29, 37 (E.D.N.Y. 2008) (internal quotation marks and citation omitted). Here, the common issue of law is whether DSS is timely processing food stamp applications despite the fact that there is some factual

variation between class members' specific grievances as to expedited or non-expedited food stamp applications.

Likewise, there is typicality despite the distinction between expedited versus non-expedited food stamp applications.  Typicality "is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability. [M]inor variations in the fact patterns underlying [the] individual claims" do not preclude a finding of typicality. By contrast, unique defenses that threaten to become the focus of the litigation may preclude such a finding."  *Sykes v. Mel Harris and Assoc., LLC*, 285 F.R.D. 279, 287 (S.D.N.Y. 2012) (internal quotation marks and citations omitted).   Here, the distinction between expedited or non-expedited food stamp applicants is simply a minor variation in the fact patterns underlying the individual claims that DSS failed to systemically process food stamp applications within the timeframes mandated by statute.  *See Reynolds v. Giuliani*, 118 F.Supp.2d 352, 389-90 (S.D.N.Y. 2000) (certifying class consisting of "[a]ll New York City residents who have sought, are seeking, or will seek to apply for food stamps, Medicaid, and/or cash assistance at a Job Center"  and finding there was commonality and typicality because the "the myriad [of] constitutional, regulatory and statutory provisions invoked by the plaintiffs are properly understood as creating a single scheme for the delivery of ... welfare and as setting standards of conduct for those charged with providing such services—standards that the defendants are alleged to have violated in a manner common to the plaintiff class...") (internal quotation marks and citation omitted).

The Court further finds that Mr. Briggs will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To determine adequacy, the Court must inquire as to whether "1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp.,* 222 F.3d 52, 60 (2d Cir. 2000). The Court is persuaded that Plaintiffs' counsel can adequately represent the class since counsel from both the Greater Hartford Legal Aid, Inc. and the National Center for Law and Economic Justice have extensive experience in both class action and individual affirmative litigation on behalf of impoverished individuals challenging state and governmental actions depriving them of benefits, including similar litigation regarding the FSA in other jurisdictions. [Dkt. #4, Pl. Mem., p. 12]. Further, there is no indication that Mr. Briggs's interests are antagonistic to the interests of other members of the class. Even though Mr. Briggs was not eligible for expedited food stamps, that fact does not present a conflict of interest with respect to the class members who were eligible for the expedited entitlement. "[O]nly a conflict that goes to the very subject matter of the litigation will defeat a party's claim of representative status." *Kuck v. Berkey Photo, Inc.,* 81 F.R.D. 736, 740 (S.D.N.Y.1979) (quoting 7 Wright & Miller, Federal Practice & Procedure § 1768, at 639 (1972)). Here Mr. Briggs and the class members, irrespective of entitlement to expedited food stamps, seek declaratory and injunctive relief to assure that the Defendant's actions comply with their statutory rights for the timely processing of food stamp applications and therefore if Mr. Briggs prevails,

all class members will benefit. Further as noted above, these objections are now moot as the Court has permitted Ms. Hollister, whose application for expedited food stamps was not timely processed, to intervene as a Plaintiff in this action and appointed her as a class representative.

There further appears to be no dispute that the numerosity requirement has been met as the number of food stamp cases per month that have been pending for over 30 and 7 days ranges from approximately 800 to 2,000 and 400 to 1,600, respectively. Moreover, the class members are dispersed throughout the state, have limited resources, and lack legal sophistication. Lastly, the fluid composition of the class also indicates that joinder would be impracticable. See *Reynolds*, 118 F.Supp. 2d at 388 (finding that joinder was impracticable if not impossible due to the fluid nature of the class and the lack of financial resources and sophistication of class members) (collecting cases); [Dkt. #4, Pl. Mem., p. 7].

Lastly, class certification under Rule 23(b)(2) is "appropriate where the defendant has acted or refused to act on grounds generally applicable to the class, thereby making injunctive or declaratory relief appropriate." *Marisol A. v. Giuliani*, 126 F.3d 372, 378 (2d Cir. 1997) (citing Fed. R. Civ. P. 23(b)(2)); *Wal-Mart v. Dukes*, 131 S. Ct. 2541, 2558 (2011) ("Civil rights cases against parties charged with unlawful, class-based discrimination are prime examples" of Rule 23(b)(2) class actions). Here, Rule 23(b)(2) is satisfied as the class members seek to enjoin the defendant's alleged continuing violation of their statutory right to timely processing of their food stamp applications. See *Ligon v. City of New York*, 288 F.R.D. 72, 84 (S.D.N.Y. 2013) ("When a class seeks an indivisible

11

injunction benefitting all its members at once, there is no reason to undertake a case-specific inquiry into whether class issues predominate or whether class action is a superior method of adjudicating the dispute. Predominance and superiority are self-evident").  Courts have long recognized that in cases, like the present one, "'"alleging systemic failure of governmental bodies to properly fulfill statutory requirements, have been held to be appropriate for class certification under Rule 23(b)(2).'"  *Brooklyn Center for Independence of the Disabled v. Bloomberg*, 287 F.R.D. 240, 250 (S.D.N.Y. 2012) (quoting *Raymond*, 220 F.R.D. at 181).  Accordingly, this Court finds that class certification under Rule 23(b)(2) is warranted.

### Conclusion

For the foregoing reasons, class certification is appropriate as all of the prerequisites under Rule 23(a) have been satisfied and certification under Rule 23(b)(2) is warranted in view of the fact that the class seeks prospective injunctive relief designed to remedy the alleged systemic failure of DSS to timely process food stamp applications as mandated by statute.  The Court therefore certify the following class: "All persons in Connecticut who have applied, who are currently applying, or who will apply in the future and whose application was not timely processed for food stamps as required by 7 U.S.C. §2020(e)(3) and (e)(9); 7 C.F.R. §273.2."

IT IS SO ORDERED.

_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: May 13, 2013**