UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES BRIGGS, | : |
| | : |
| PLAINTIFF, | : |
| Individually and on behalf of all | : |
| other persons similarly situated | : |
| | : CIVIL ACTION NO. 3:12cv324(VLB) |
| | : |
| v. | : MAY 13, 2013 |
| | : |
| RODERICK BREMBY, in his official capacity | : |
| as Commissioner of the State of | : |
| Connecticut Department of Social Services, | : |
| DEFENDANT. | : |

## Preliminary Injunction Order

WHEREAS, this action was commenced pursuant to 42 U.S.C. §1983 to enforce rights conferred by the Food and Nutrition Act of 2008 (the "Food Stamp Act" or "FSA") and regulations promulgated thereunder on behalf of persons alleging that Defendant fails to process applications and provide food stamps[1] in a timely manner in violation of the FSA;

WHEREAS, Plaintiffs seek a permanent injunction enjoining Defendant to process applications for, and provide, food stamps in a timely manner, as required by the FSA;

WHEREAS, the Defendant admits that there are systemic deficiencies in the manner in which it processes food stamps, including without limitation routine

---

[1] Effective October 1, 2009, the federal Food Stamp Program was renamed the Supplemental Nutrition Assistance Program (SNAP) and the federal Food Stamp Act was renamed the Food and Nutrition Act of 2008. Pub. L. No. 110-246, §§4001, 4002.

1

loss of applications, loss of verification documentation, and the failure to timely schedule interviews as required by the FSA;

WHEREAS, on December 4, 2012, the Court granted Plaintiffs' Motion for a Preliminary Injunction in this action;

WHEREAS, the Court has broad discretion in fashioning equitable relief;

NOW, GOOD CAUSE APPEARING, IT IS HEREBY Ordered, Adjudged and Decreed:

I. **DEFINITIONS**

1. "Applicant" means any person or household that applies, by any approved means, on a State-prescribed form, for food stamps.
2. "Expedited" service of a food stamp application" refers to the processing of a food stamp application on an expedited basis for households that meet the criteria for expedited processing set forth in 7 U.S.C. §2020(e)(9), 7 C.F.R. §273.2(i).
3. "Food stamps" means assistance provided pursuant to the Food and Nutrition Act of 1977, as amended, 7 U.S.C. §2011 et seq., and any and all successor programs, including but not limited to the Supplemental Nutrition Assistance Program, Pub. L. No. 110-246, §§4001, 4002.
4. "Order" means this order prescribing the Preliminary Injunction.
5. "Term" means the date this Order was entered until the date of final adjudication of the matter.

2

## II. CLASS CERTIFICATION

6. The Plaintiff class shall consist of:

   All persons in Connecticut who have applied, who are currently applying, or who will apply in the future and whose application was not timely processed for food stamps as required by 7 U.S.C. §2020(e)(3) and (e)(9); 7 C.F.R. §273.2 and 273.17.

## III. DEFENDANT'S OBLIGATIONS

7. Defendant shall process all applications for food stamps and provide food stamp benefits retroactive to the month of application to those households that have completed the application process and been determined eligible as required by 7 U.S.C. §§2020(e)(3) and (e)(9); 7 C.F.R §273.2.

8. Defendant shall determine whether the state or the household is at fault and the reason for any failure to make a timely eligibility determination as prescribed by 7 C.F.R §273.2(h).

9. On the last day of each month beginning August 31, 2013, Defendant shall report to the Plaintiff the reason for the failure to timely determine eligibility of each applicant as prescribed by 7 C.F.R §273.2(h) specifying whether the applicant or the Defendant was at fault.

10. In each case in which Defendant is at fault for failing to make a timely eligibility determination, Defendant shall restore the household benefits retroactive as prescribed by 7 C.F.R §273.17.

11. **Defendant shall provide eligible households that complete the initial application process (including combined applications for food stamps, cash assistance, or other federal benefits) an opportunity to participate in the food stamp program as soon as possible, but no later than thirty calendar days following the date the application was filed as required by 7 U.S.C. §2020(e)(3); 7 C.F.R. §273.2 (g).**

12. **Defendant shall provide expedited service of food stamp application(s) (including combined applications for food stamps, cash assistance, or other federal benefits) to households eligible for such expedited service no later than the seventh (7th) calendar day following the date the application is filed as set forth in 7 U.S.C. §2020 (e)(9) and 7 C.F.R. §273.2(i).**

13. **Defendant shall promptly enact any changes to policy statements, procedures, manuals, and internal directives necessary to ensure that his staff, employees, consultants, contractors, agents and assigns comply with the terms and conditions of this Order. Defendant will provide copies of any such changes to Plaintiffs' counsel for comment before publication and afford Plaintiffs a meaningful opportunity for timely comment. In addition, Defendant shall conduct such training as is necessary to ensure that his staff, employees, consultants, contractors, agents, and assigns comply with the terms and conditions of this Order.**

14. **Within twelve (12) months of this Order, Defendant shall be in full compliance with all federal requirements to promptly determine the eligibility for food stamps of each applicant household so as to complete certification and provide assistance to all eligible households. For purposes of this Order, full compliance shall mean compliance in all cases except those individual and isolated instances of delay that occur inevitably in an agency such as Defendant's. To account for these instances of individual and isolated error, Defendant shall be considered in full compliance with the terms of sub-paragraphs 14(d) and 14(h) of this Order if his agency's timely processing of food stamp applications meets the requirements of those paragraphs within a 3 percent margin of error – i.e. Defendant achieves 97% compliance.**

   a. **70 percent of all food stamps applicant households subject to 30-day processing by August 31, 2013;**

   b. **80 percent of all food stamps applicant households subject to 30-day processing by October 31, 2013;**

   c. **90 percent of all food stamps applicant households subject to 30-day processing by December 31, 2013;**

   d. **Full compliance for all food stamps applicant households subject to 30-day processing by the last day of the 12th month following the date of this Order and shall be sustained for six consecutive months;**

5

    e. **70 percent of all expedited food stamps applicant households by August 31, 2013;**

    f. **80 percent of all expedited food stamps applicant households by October 31, 2013;**

    g. **90 percent of all expedited food stamps applicant households by December 31, 2013;**

    h. **Full compliance or all expedited food stamps applicant households by the last day of the 12th month following the date of this Order and shall be sustained for six consecutive months.**

    i. **By July 31, 2014, the percentage of applications pending more than 30 days shall not exceed 10% of all applications and shall be sustained for six consecutive months.**

    j. **By September 30, 2014, the percentage of applications pending more than 30 days shall not exceed 5% of all applications and shall be sustained for six consecutive months.**

## IV.   MONITORING

**Each month during the Term, Defendant shall provide Plaintiffs' counsel or their designated representatives, with the following reports:**

    15. **Within fifteen (15) days of the end of the preceding month:**

6

k. A report noting the number of initial applications filed in the month, sorted by local office and aggregate statewide;

l. A report noting the number of application determinations made in the month, statewide and subdivided by office where filed and the statewide aggregate.

m. A report as described in Section III Paragraph 9 of this Order.

16. Plaintiffs shall be entitled to a single statistically significant, randomly selected, sample of applications processed to determination in a month to be determined by Plaintiffs' counsel. The parties shall meet to determine the sampling protocol and methodology. The sample drawn shall be large enough to provide a 3% confidence interval at the 95% confidence level. Within 90 days of the end of the month sampled, Defendant shall submit a report to Plaintiffs' counsel that indicates the following:

   a. for those applications determined eligible for expedited Food Stamp application processing, whether or not Food Stamp benefits were issued within 7 days following the date the application was filed; and

   b. for those applications not determined eligible for expedited processing, whether the applications were processed and benefits issued to those found eligible within 30 days following the filing of the application.

17. **With regard to cases in the sample specified in Paragraph 16 that have been reported as not being timely processed, Defendant will conduct a review of those applications and provide corrective action on those applications remaining. Defendant will provide a report of its findings and corrective action taken on these cases to Plaintiffs' counsel within 90 days from the end of the sampling period.  Defendant shall also consolidate and propose to Plaintiffs' counsel changes in policies, procedures and protocols to avoid such delays.**

18. **In the event that Plaintiffs reasonably believe, based on the results of the sample described in Paragraph 16 above, that the monitoring reports identified in paragraph 15 above are not reliable with regard to the timely processing of Food Stamp applications subject to 30-day processing and/or the timely expedited processing of applications for Food Stamp benefits, they will give notice to Defendant and counsel for Plaintiffs and Defendant will meet and confer regarding the results of the sample. If the Defendant agrees with the Plaintiffs, Plaintiffs and Defendant will attempt to arrive at a resolution, which may include, *inter alia*, if necessary, the conducting of an additional sample. In the event the Plaintiffs and Defendant are unable to agree that a resolution is necessary and/or to the scope of a**

resolution, the disputed issues will be referred to the Court for resolution.

## IV. INFORMAL REVIEW PROCESS

19. Defendant shall provide a mechanism by which Plaintiffs' counsel may bring to the attention of Defendant no more than ten instances in a month in which an application which its investigation reveals may not have been processed in accordance with the FSA.  Plaintiffs' counsel shall inform Defendant of the specific processing deficiency alleged.  Defendant agrees to investigate each specific alleged processing deficiency and to advise Plaintiffs' counsel of the result of said investigation within five (5) business days. Defendant shall designate and provide Plaintiffs' counsel with the identity of the contact information for the person(s) responsible for resolving requests for assistance referred under this paragraph and any successors to the person(s) responsible for resolving the issues.

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: May 13, 2013